J-S62005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERNEST RICARDO DIXON, | |
| Appellant | No. 1843 WDA 2014 |

Appeal from the Judgment of Sentence October 9, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0010816-2011

BEFORE: GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 09, 2015**

Appellant, Ernest Ricardo Dixon,[1] appeals from the judgment of sentence imposed following the second revocation of his probation. He claims the sentencing court failed to consider his rehabilitative needs, and the sentence was excessive. He also claims the denial of thirty-five days' credit for time served resulted in an illegal sentence. We affirm the judgment of sentence as to Appellant's claim of excessiveness. However, we remand to the trial court for a hearing on Appellant's claim to credit for time served.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's surname is alternatively spelled "Dixson" in the record before us, including in his own brief.

The charges underlying each of the violations of probation arose out of Appellant's repeated assaults on his paramour, Shakiya Starkey, and the endangerment of their two infant children.[2] In the original assault, Appellant grabbed Ms. Starkey by her hair, struck her multiple times, and strangled her until it appeared she was about to pass out. He also told their infant daughter that he was going to shoot her mommy, and that she was going to die today, although in fact he did not follow through. (**See** Affidavit of Probable Cause, 8/25/11, at 1-3).

In the charge at issue, Appellant entered a negotiated guilty plea to simple assault, in exchange for the *nolle prossing* of the numerous other

---

[2] Specifically, Appellant was charged by Criminal Information filed on October 14, 2011 with the following offenses that occurred on August 25, 2011: Count 1–Aggravated Assault, Serious Bodily Injury (18 Pa.C.S.A. § 2702(a)(1)); Counts 2 & 3–Endangering the Welfare of Children (18 Pa.C.S.A. § 4304); Count 4–Terroristic Threats (18 Pa.C.S.A. § 2706(a)(1)); Count 5–False Imprisonment (18 Pa.C.S.A. § 2903); and, Count 6–Recklessly Endangering Another Person (18 Pa.C.S.A. § 2705). On November 3, he entered a negotiated guilty plea to the amended Count 1 of Simple Assault (18 Pa.C.S.A. § 2701(a)(1)) as well as to Counts 4, 5, and 6 with a term of probation to be set by the court, conditioned on no contact with the victim, completion of the DACC (Domestic Abuse Counseling Center) program, and completion of a drug and alcohol evaluation, with follow-up treatment. In exchange, Counts 2 and 3 were withdrawn. The trial court accepted the guilty plea, and imposed a sentence of two years' probation at Count 1. No further penalty was imposed at Counts 4, 5, and 6. On May 10, 2012, the trial court found Appellant violated his probation by a criminal conviction and it imposed a new term of two years' probation. Appellant was once again ordered to have no contact with the victim. (**See generally**, Trial Court Opinion, 5/20/15, at 1-2).

- 2 -

charges against him. (***See*** Trial Ct. Op., at 1-2). He received a sentence of two years' probation.[3]

On October 9, 2014, the trial court revoked Appellant's probation (for the second time) based on new criminal convictions and technical violations. As recommended by the Probation Office, the court sentenced him to a term of incarceration of one to two years, effective that day, with credit for 256 days' time served, from December 23, 2013 to September 4, 2014. (***See*** N.T. Hearing, 10/09/14, at 3-5). Specifically, the trial court noted that Appellant was in technical violation of probation, because he never reported to the probation office and failed to comply with **any** of the conditions of probation, as confirmed by the Probation Office. (***See*** Trial Ct. Op., at 4; ***see also*** N.T. Hearing, at 2-4).[4]

Appellant made no contemporaneous objection at sentencing, but through counsel filed a motion to reconsider sentence on October 16, 2014, averring that the trial court failed to consider his rehabilitative needs and that he believed his sentence to be excessive. (***See*** Motion to Reconsider Sentence, 10/16/14, at 1). The trial court denied the motion. (***See*** Order, 10/22/14).

---

[3] In related charges, not at issue in this appeal, Appellant was sentenced to time served. (***See id.*** at 2).

[4] At the review hearing, a witness from the probation office confirmed that Appellant was in complete non-compliance with the requirements of probation. (***See*** N.T. Hearing, at 2-3).

This timely appeal followed, on November 7, 2014. After a court-approved extension, Appellant timely filed a statement of errors on March 31, 2015. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on May 20, 2015. *See* Pa.R.A.P. 1925(a).

Appellant presents two questions for our review on appeal:

> I. Was the one to two year sentence of incarceration imposed manifestly excessive, unreasonable, and an abuse of discretion where the court did not consider [Appellant's] rehabilitative needs or his nature and characteristics?
>
> II. Does [Appellant] currently serve an illegal sentence, as the [trial] court did not give him full credit for time served?

(Appellant's Brief, at 5).

Appellant's first issue challenges the discretionary aspects of his sentence. This Court has concluded that a challenge to a discretionary sentencing matter after revocation proceedings is within the scope of its review. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013). Nevertheless,

> "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010); 42 Pa.C.S. § 9781(b). Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Crump*, *supra* at 1282. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).
>
> In addition, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing

- 4 -

proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa. Super. 2011). Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. ***Commonwealth v. Naranjo***, 53 A.3d 66, 72 (Pa. Super. 2012).

***Id.*** at 1042. Similarly,

Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257 (Pa. Super. 2004).

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted); ***see also Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

***Commonwealth v. Colon***, 102 A.3d 1033, 1042-43 (Pa. Super. 2014),

*appeal denied*, 109 A.3d 678 (Pa. 2015).

- 5 -

Here, Appellant has filed a motion for reconsideration of sentence, and a timely appeal. Appellant's brief contains a Rule 2119(f) concise statement of reasons. (*See* Appellant's Brief, at 6-8). Therefore, he has nominally complied with the first and third pre-review requirements. *See Colon*, *supra*, at 1042-43.

However, we note that Appellant's Motion to Reconsider raised only the failure to consider rehabilitative needs and the claim of an excessive sentence. (*See* Motion to Reconsider Sentence, at 1).

Therefore, Appellant has waived any claim to reconsideration based on issues not timely presented to the trial court. Specifically, he has waived the claims in his Rule 1925(b) statement that his sentence was contrary to the Sentencing Code and violated fundamental norms underlying the sentencing process, failed to consider the principles enunciated at 42 Pa.C.S.A. § 9721(b), (Sentencing Generally), and at 42 Pa.C.S.A. § 9781, (Appellate Review of Sentence).[5] (*See* Concise Statement, 3/31/15, at 2); *see also Colon*, *supra* at 1042-43.[6]

For the same reason, Appellant has waived the claims in his Rule 2119(f) Statement that the sentencing court acted out of "personal

[5] We observe for clarity and completeness that the principles at section 9781 are guides for our appellate review, and as such cannot form a proper basis for the assertion of trial court error.

[6] Moreover, on independent review, we find no basis for any of these claims.

frustration, bias and ill-will," and that he posed a "minimal threat to the public at large" (presumably as opposed to Ms. Starkey in particular). (Rule 2119(f) Statement, at 2 [*see* Appellant's Brief, at 7]).[7]

Nevertheless, we conclude, as noted by the Commonwealth, that Appellant's assertion that the trial court failed to consider his rehabilitative needs raises a substantial question. (**See** Commonwealth's Brief, at 9); **see also Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014), (finding, *inter alia*, assertion that trial court failed to account for appellant's rehabilitative needs was substantial question suitable for review). Accordingly, we will review Appellant's first question.

Appellant's first claim does not merit relief. Our standard of review is well-settled.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> **Commonwealth v. Simmons**, 56 A.3d 1280, 1283–84 (Pa. Super. 2012).
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the

---

[7] Moreover, we would find no support in the record for these claims.

sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

*Colon*, *supra* at 1043-44.

Here, Appellant concedes that he was convicted of new offenses and that the trial court had the legal authority to impose a sentence of total confinement. (*See* Appellant's Brief, at 14). Furthermore, he admits that he "made mistakes." (*Id.* at 16). Nevertheless, Appellant maintains that

his "sentence is one of such unreasonableness that fairness demands remand to the lower court." (*Id.* at 19). We disagree.

Appellant's claim that the trial court did not consider his rehabilitative needs is belied by the record. The court expressly noted at the hearing that Appellant was an apparent long time drug user, who had not done anything to rehabilitate himself, and in fact was in total technical non-compliance with the terms of probation. (*See* N.T. Hearing, at 4). In context, the essential implication of the court's observations is that Appellant had failed to pursue his rehabilitative needs while on probation by his total lack of compliance with the terms of probation, and by his re-offending, against the same victim, when released from incarceration.

Furthermore, Appellant offers no pertinent authority in support of his claims. The caselaw he cites stands only for general principles, not in dispute on this appeal. Instead of specific caselaw, Appellant presents a largely self-serving, fact-oriented narrative, by which he concludes, without properly developing an argument or the support of pertinent authority, that his sentence was the product of the judge's personal frustration with him. (*See* Appellant's Brief, at 15).

He suggests, again without pertinent argument or authority, that even though he was a repeat violator, and totally non-compliant with the conditions of probation, he was taking steps to improve himself, and that he

should receive yet another term of probation.[8] (*See id.* at 16-18). Appellant fails to develop an argument that supports his assertions, or shows an abuse of discretion.

In particular, Appellant's attribution of personal frustration to the sentencing judge as the motivation for her sentence is sheer unsupported, self-serving speculation, which lacks any foundation in the record. On independent review, we discern no basis on which to disturb the discretion of the trial court. Appellant's first claim fails.

In his second claim, Appellant argues that the trial court did not give him full credit for time served. (*See id.* at 19-21). He maintains that he should receive an additional credit for thirty-five days of time served, from September 4, 2014 to October 9, 2014. (*See id.* at 20). At sentencing, the trial court granted credit for time served but only until September 4, 2014, "because that's when something happened, but I don't know what." (N.T. Hearing, at 5). Appellant, too, professes ignorance for the basis of the alleged discrepancy. (*See* Appellant's Brief, at 20-21).

Accordingly, we remand this case to the trial court for a hearing limited solely to review of whether Appellant is entitled to additional credit of

_____

[8] Notably, as evidence of his ability to rehabilitate himself on probation, Appellant cites the class he took while incarcerated. (*See* Appellant's Brief, at 15).

thirty-five days for time served during the interval at issue, September 4, 2014 to October 9, 2014.

Judgment of sentence affirmed. Case remanded for hearing on credit for time served. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2015